# United States District Court
# District of Connecticut

D. Taylor #179983
Plaintiff

December 19, 2006

V.

| | |
|---|---|
| John Armstrong, et al and | Civil No. 3:97 cv 1973 (DJS)(TPS) |
| Remi Acosta, et al and | Civil No. 3:00cv 787 (AWT)(DFM) |
| Claude Light, et al and | Civil No. 3:00 cv 302 (EBB)(JGM) |
| Rodriquez, et al and | Civil No. 3:96 cv 2156 (DFM) |
| Myers, et al Defendants | Civil No. _____ |

<u>Motion to Enforce and/or Withdraw from Settlement Agreements of 2001 and 2002.</u>

I am the plaintiff, Derrick Taylor, currently Pro Se in these matters. First off, I would like to apologize to the court for my inability to file this motion with all pertinent information such as case numbers. I am currently

<u>Oral Argument Is Requested</u>

being housed @ Northern Correctional Institution ("N.C.I.") in Somers, Connecticut with no access to my legal work so I have had to file this motion from memory.

To get to the point, I claim that the defendants are in violation of the following provisions and/or agreements between the parties related to the above captioned settlement agreements.

1. Agreement to refer plaintiff for prompt transfer. - The parties agreed that if I was returned to Connecticut I would <u>promptly</u> be allowed to apply to five additional states of my choice. I was <u>not</u> returned to Connecticut for disciplinary reasons, yet the defendants tell me I will not be allowed to apply to any state(s) for prompt transfer.

2. Kosher Diet - The parties are well aware that my expert witnesses from the Lubavitch and other Orthodox Jewish communities <u>did</u> <u>not</u> agree that the common fare menu in CDOC facilities met Kashrut standards. As a result the parties agreed I would be provided with sealed, pre-packaged kosher meals and/or a kosher diet provided via CDOC food supplies that were <u>not</u> cooked in CDOC kitchens unless and until the CDOC provided "Kosher Kitchens". I remained on a kosher diet for the duration of my stay in New Jersey. Now, upon my

<u>Oral Argument Is Requested</u>

Pg. 2

return to Connecticut I am told that kosher meals are no longer available and that I should eat common fare. I have been on a kosher diet since 2002, and now I am told to eat common fare.

3. Commissary- The parties had come to create a balanced list of food items that would allow a kosher prisoner to supplement the paltry CDOC servings of food with food purchased from the commissary. In the four plus years I was in New Jersey the CDOC commissary list, as it relates to kosher items, has been decimated. <u>Specifically</u>, after the parties put forth significant effort to place protien powder and granola bars on the commissary list, these items were removed. At current, the food available to non-kosher prisoners, from several varieties of meats and cheeses to staples such as oatmeal, rice, soups and the only available seasonings, has been greatly expanded while the kosher list has dwindled. This has all been done in direct contradiction to the agreement of the parties in the above captioned cases.

4. Plaintiffs Property- As the Court is well aware I have compromised time and time again in regards to my access to property that the defendants specifically agreed to garuntee me access to. I originally agreed to send home my playstation and my radio among other property. Then at Corrigan C.I. the parties

<u>Oral   Argument   Is   Requested</u>

Pg. 3

finally came to what was supposed to be a final agreement to what property I would absolutely be permitted to possess barring emergency circumstances only. Then when I got to New Jersey it turned out that the defendants never ascertained what New Jersey's position would be. Each time the defendants violated the agreements I was the one to compromise and withdraw my motions to enforce the agreements. No more. This has gone too far. Now, in addition to the fact that it appears that the defendants have "lost" some of the property they offered to store in order to resolve the property issues with New Jersey DOC (my Timberland boots, Braun electric razor, several scented oils for Shabbat and miscellaencous items are now "missing". Estimated cost to me - $750.00) the Warden @ N.C.I. says he is not interested in any settlement agreements, that in "his" facility I will not be allowed to have my property.

No matter how many times I agree to compromise, the defendants continue to push the proverbial envelope.

I would therefor respectfully request that since the defendants have been unwilling to apply the compromises reached pursuant to the 2002 agreement (and subsequent agreements by the parties) related to my property, that I be allowed to withdraw from the 2002 compromise and be allowed to enforce the original agreement of 2001.

It simply makes no sense to continue to hold me to provisions of previous compromises when the defendants

<u>Oral Argument Is Requested</u>

Pg. 4

seem to believe that whenever an agreement becomes undesirable they can simply disregard the agreement and expect me to compromise once again. Additionally, because my previous motions were withdrawn, (motions to enforce and/or withdraw) and because those withdrawals were ~~contigent~~ contingent upon the compromise agreements that the defendants keep violating, I would respectfully request that those previously withdrawn motions be re-instituted and heard in conjunction with this motion.

5. Ability to earn good time - The Court may recall that I agreed not to press the defendants to re-instate my lost good time or to retroactively credit me for good time I did not receive due to my constitutionally flawed placement on administrative segregation as long as the defendants agreed to garuntee my earning of full statutory good time credit no later that July of 2002. I have now been informed by N.C.I. that due to my return to N.C.I. I am not receiving monthly or weekly credits of statutory good time. This is not related to any punitive sanction(s) and is apparently only related to "NCI Policy".

6. Placement in general population - The defendants specifically agreed to place me in general population as long as I remained disciplinary report free. I have not had a

<u>Oral Argument Is Requested</u>

Pg. 5

ticket since 2001. Now I am told I will be placed back on administrative segregation because my actions in New Jersey (Which lower level CDOC administration doesn't seem to really understand) is <u>somehow</u> a threat to <u>Connecticut</u> correctional facilities, even though I'm not even <u>alleged</u> to have done anything even remotely affecting Connecticut correctional facilities.

Attempts at Informal Resolution – On or around Dec. 08, 2006 Attorney Richard P. Cahill from the Inmates Legal Assistance Program called Asst. Atty. Gen. Steven R. Strom's office and left a message on Mr. Strom's voice mail indicating that I wished to speak to Mr. Strom. To date I have received no reply from Atty. Strom. I also know that Judge Margolis' Clerk c.c.'d a letter I sent to the Judge to Atty Strom, to which I have also received no response.

In Conclusion – Almost every single aspect of the above captioned settlement agreements is being flagrantly violated by the defendants. Therefor, if enforcement of these agreements is not going to be possible, please allow me to withdraw from said agreements and proceed to trial on each case individually.

Respectfully Submitted
Derrick Taylor 12-19-06
Derrick Taylor – Plaintiff

<u>Oral Argument Is Requested</u>

Pg. 6

## Certification

I hereby certify that a copy of the foregoing was mailed on this **20th** day of December, 2006, first class postage pre-paid to all parties of record via counsel for the defendants.

_Derrick Taylor #179983_
Derrick Taylor #179983
Northern Corr. Institution
287 Bilton Rd. • P.O. Box 665
Somers, Connecticut 06071

Copies Sent to:
Asst. Atty. Gen. Steven R. Strom
110 Sherman St.
Hartford, CT. 06105